IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HAROLD BUTLER, (M10366), | ) |
| Petitioner, | ) |
| | ) No. 17 C 1081 |
| v. | ) |
| | ) Hon. John Z. Lee |
| JOHN BURLE, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Harold Butler, an inmate at the Pontiac Correctional Center, filed this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2254, challenging his conviction in the Circuit Court of Cook County for attempted murder of a peace officer. For the following reasons, the Court denies the petition and declines to issue a certificate of appealability.

### I.   Background[1]

At approximately 11:00 p.m. on May 17, 2008, an unmarked Chicago police car pulled over a vehicle in which Butler was a passenger. *People v. Butler*, No. 1–10–1823, 2012 WL 6860244, at *1 (Ill. App. Ct. Dec. 17, 2012) ("*Butler I*"). After the stop, Butler fled from the car, and Chicago Police Officer Kevin Gleeson pursued him.

---

[1] The Court draws the following factual history from the state court record and state appellate court opinions. State court factual findings, including facts set forth in state court opinions, have a presumption of correctness, and Butler has the burden of rebutting the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Hartsfield v. Dorethy*, 949 F.3d 307, 309 n.1 (7th Cir. 2020).

*See id*. Gleeson was in plain clothes, wore a bullet proof vest, and displayed his police badge. Transcript of Record at 429, *Butler I*, ECF No. 82-14 ("R.").

Initially, Butler was about fifteen feet ahead of Gleeson, but Gleeson gradually closed the distance. *Butler I*, 2012 WL 6860244, at *1. As Butler continued to flee, he pulled a black handgun from his waistband, turned sideways, and pointed the weapon at Gleeson. *Id*. Gleeson heard a click, which he later explained sounded like an empty gun being fired. *Id*. Gleeson eventually tackled Butler and, along with his partner, arrested Butler and placed him in handcuffs. *Id*.

The police recovered Butler's gun, which had a bullet jammed in the barrel. *Id*. at *1–2. The officers noticed that the bullet had a strike mark on it. *Id*. at *1. The officers also discovered four additional bullets in the gun's magazine. *Id*.

Two other officers transported Butler to the police station following his arrest. *Id*. Both officers testified that, after his arrest, Butler volunteered, without prompting from the officers, that he "couldn't believe the gun misfired." *Id*. Following this initial confession, the officers read Butler his *Miranda* rights, which he waived, and questioned him while he was detained in the police car. *See id*.; R. at 218. Butler explained that he had panicked when he fled and tried to shoot the pursuing officer because he did not want to go back to prison. *Butler I*, 2012 WL 6860244, at *2.

An Illinois State Police forensic scientist later examined Butler's gun and the recovered bullet. He concluded that the gun was in working condition. He also

2

observed that the recovered bullet had a firing pin impression and, based upon this, determined that the gun had been fired. *Id*.

The jury found Butler guilty of attempted first degree murder of a peace officer, aggravated assault, and aggravated unlawful use of a weapon. *Id*. at *3. The court sentenced Butler to twenty-eight years of imprisonment for the attempted murder conviction, and a concurrent three-year term for the aggravated unlawful use of a weapon conviction.[2] His convictions were affirmed on direct appeal, *id*. at *8, and the Supreme Court of Illinois denied his petition for leave to appeal ("PLA"). *See People v. Butler*, 985 N.E.2d 308 (Table) (Ill. 2013).

Butler filed a petition for post-judgment relief and a habeas corpus petition in September 2016. *People v. Butler*, No. 1-18-2637, 2021 WL 1084620, at *1 (Ill. App. Ct. Mar. 19, 2021) ("*Butler II*"). The state trial court vacated his aggravated unlawful use of a firearm conviction pursuant to *People v. Aguilar*, 2 N.E.3d 321 (Ill. 2013), which declared a portion of Illinois's aggravated unlawful use of a weapon statute unconstitutional in light of the U.S. Supreme Court's decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago*, 561 U.S. 742 (2010). *See* Docket at 17, *People v. Butler*, No. 08 CR 1156701 (Cir. Ct. Cook Cnty. Nov. 17, 2016), ECF. No. 82-17; *Aguilar*, 2 N.E.3d at 323. The trial court

---

2     The sentencing court merged the aggravated assault conviction into the attempted murder conviction. *Butler I*, 2012 WL 6860244, at *3.

3

rejected his remaining post-judgment and habeas corpus claims. *See* Docket at 17, *Butler*, No. 08 CR 1156701 (Cir. Ct. Cook Cnty. Nov. 17, 2016).

In 2017, Butler filed a second post-judgment motion and a second habeas corpus petition in state court, *Butler II*, 2021 WL 1084620, at *1, as well as the instant habeas corpus petition in this Court. *See* Pet. Writ Habeas Corpus, *Butler v. Dorethy*, No. 17 C 1081 (N.D. Ill. Feb. 9, 2017), ECF No. 1. The Court stayed proceedings in this matter so that Butler could exhaust his remedies in the state court. *See* Order, *Butler*, No. 17 C 1081 (N.D. Ill. Nov. 7, 2018), ECF No. 34.

The state trial court denied the habeas corpus petition and the second post-judgment motion. *Butler II*, 2021 WL 1084620, at *1. The state appellate court affirmed, *People v. Butler*, No. 1-17-2973 (Ill App. Ct. June 28, 2019), and the Supreme Court of Illinois denied Butler's PLA. *People v. Butler*, 140 N.E.3d 262 (Table) (Ill. 2020).[3]

---

[3] Butler filed another postconviction petition, arguing that the trial court erred by not considering his youth at sentencing and that his confession to the police was coerced. *See generally* Mot. Leave File Successive Post-Conviction Pet., *Butler*, No. 08 CR 1156701 (Cir. Ct. Cook Cnty. May 9, 2018), ECF No. 82-16; *see also Butler II*, 2021 WL 1084620, at *2. The state trial court denied the postconviction petition, but the appellate court vacated the dismissal on procedural grounds and remanded for additional proceedings. *See Butler II*, 2021 WL 1084620, at *2, 4. Nevertheless, there is no reason to stay the instant proceedings in light of these claims, as Butler did not raise these claims in his current habeas corpus petition, and even if he had, the claims would be plainly meritless. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (explaining that a federal court abuses its discretion by staying a habeas corpus proceeding to allow exhaustion of plainly meritless claims). Butler's sentencing challenge is predicated upon the Supreme Court's Eighth Amendment jurisprudence regarding sentencing of juveniles, but Butler was over the age of eighteen when he committed the crime in this case, meaning that this case law is inapplicable to him. *See Sanders v. Eckstein*, 981 F.3d 637, 641 (7th Cir. 2020). And any issue regarding the admission of his confession did not have a substantial and injurious effect on the jury verdict due to the overwhelming nature of the evidence. *See Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993);

## II. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner in custody pursuant to the judgment of a state court must make two showings to obtain a writ of habeas corpus pursuant to 28 U.S.C. § 2254: (1) "that he is in custody in violation of the Constitution or laws or treaties of the United States," *id.* § 2254(a); and (2) that the state postconviction court's adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(1)–(2).

"A state court decision is 'contrary to' Supreme Court precedent if it either did not apply the proper legal rule or did apply the correct rule but reached the opposite result from the Supreme Court on materially indistinguishable facts." *Wilbur v. Hepp*, 16 F.4th 1232, 1248 (7th Cir. 2021). And to be an "unreasonable" application of Supreme Court precedent, the state court's decision must be "objectively unreasonable, not merely wrong." *Id.* (quoting *Woods v. Donald*, 575 U.S. 312, 316 (2015) (per curiam)).

---

*Kidd v. Gomez*, 2 F.4th 677, 679 (7th Cir. 2021); *see also Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022) ("[A] federal court must deny relief to a state habeas petitioner who fails to satisfy either this Court's equitable precedents [such as *Brecht*] or AEDPA. But to grant relief, a court must find that the petitioner has cleared both tests.").

5

### III. <u>Analysis</u>

Liberally construing Butler's *pro se* filings, the instant habeas corpus petition alleges that: (1) Butler's attempted murder conviction should be vacated because his conviction for aggravated unlawful use of a weapon was vacated; (2) his indictment is defective in light of the same; and (3) there is insufficient evidence to support his attempted murder conviction.

The State answers that the insufficient evidence claim is untimely under the applicable statute of limitations, and that all claims are procedurally defaulted and meritless. Because the statute of limitations and procedural issues raise issues thornier than the merits of his claim, the Court will exercise its discretion to resolve the petition on the merits. *See Estremera v. United States*, 724 F.3d 773, 775 (7th Cir. 2013).

### A. Aggravated Unlawful Use of a Weapon Charge

First, Butler argues that his attempted murder conviction is irrevocably linked to his weapon conviction and both should fall together. This argument is unsound. Butler's weapons conviction was vacated by the state court because the Supreme Court of Illinois found that his conduct was constitutionally protected in light of the United States Supreme Court's recent Second Amendment decisions. *See Aguilar,* 2 N.E.3d at 326–27 (first citing *McDonald*, 561 U.S. at 767–68, and then citing *Heller*, 554 U.S. at 628). But *Heller* and *McDonald* in no way gave Butler license to shoot

6

or attempt to shoot a police officer. Accordingly, the vacating of his weapon conviction has no impact on his attempted murder conviction.

Next, Butler argues that the fact that his aggravated use of a weapon conviction was vacated means that his indictment was defective. Here, too, Butler is incorrect. "The Sixth Amendment guarantees a criminal defendant the fundamental right to be informed of the nature and cause of the charges made against him so as to permit adequate preparation of a defense." *Kaczmarek v. Rednour*, 627 F.3d 586, 596 (7th Cir. 2010) (citations omitted). But "the United States Constitution does not require States to charge a defendant by indictment," so "general due process standards govern" a § 2254 claim based on an allegedly defective indictment. *Ashburn v. Korte*, 761 F.3d 741, 758 (7th Cir. 2014) (holding that a habeas petition's challenge to the validity of an indictment was governed by the Due Process Clause, not the Sixth Amendment). And a state criminal proceeding affords due process as long as the defendant receives "notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge." *Bae v. Peters*, 950 F.2d 469, 478 (7th Cir. 1991) (quoting *Cole v. Arkansas*, 333 U.S. 196, 201 (1948)).

Here, Butler received adequate due process as to his attempted murder charge. The indictment charged Butler with attempting to fire at Gleeson, which comprised a substantial step towards committing murder "without justification and with an intent to kill." Pet. Am. Compl. Fed. Habeas Mot. at 24, ECF No. 13 (citing 720 Ill. Comp. Stat. 5/8-4; *id.* § 5/9-1(a)(1)). And after Butler was given the chance to present

7

evidence and witnesses in his defense at trial, a jury of his peers found Butler guilty of that offense. The judicial invalidation of his weapon charge does nothing to change that fact.

## B. Sufficiency of the Evidence

Lastly, Butler challenges the sufficiency of the evidence supporting his attempted murder conviction. "The evidence is sufficient to support a conviction whenever, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). And "'it is the responsibility of the [finder of fact]—not the court—to decide what conclusions should be drawn from evidence admitted at trial.'" *Id.* (quoting *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam)); *see Smith v. Brookhart*, 996 F.3d 402, 413 (7th Cir. 2021).

The evidence supporting Butler's conviction easily clears this bar. During the trial, the State called Officer Gleeson and his partner, and both testified that Butler had pointed his gun at Gleeson when he was running away from the officers. Gleeson also testified that he heard the gun make a sound similar to when an empty gun is fired. What is more, other officers testified that they found a bullet in the chamber of the gun, and a firearms expert testified that the marking on the bullet demonstrated that Butler had attempted to fire the gun. Finally, two other officers testified that Butler made an unprompted confession to them while they were

transporting him to the police station. Taken together, this evidence is more than sufficient to support Butler's attempted murder conviction.[4]

## C. Certificate of Appealability

The Court declines to issue a certificate of appealability. In order to obtain a certificate of appealability, a habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court finds that Butler cannot make a substantial showing of the denial of a constitutional right, because reasonable jurists would not debate this Court's resolution of Butler's claims. *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citing § 2253(c)).[5]

## IV. Conclusion

For the reasons stated above, Butler's habeas corpus petition is denied, and the Court declines to issue a certificate of appealability. The Clerk is instructed to (1) terminate Respondent Stephanie Dorethy, and replace her with Butler's current

---

[4] The fact that the evidence supporting Butler's conviction was so strong provides another basis for denying habeas relief: none of his claims could have had a substantial and injurious effect on the jury verdict due to the overwhelming nature of the evidence. *Brecht*, 507 U.S. at 631; *see also Brown*, 142 S. Ct. at 1524 ("[A] federal court must deny relief to a state habeas petitioner who fails to satisfy either this Court's equitable precedents [such as *Brecht*] or AEDPA.").

[5] Butler is advised that this is a final decision ending his case in this Court. Butler need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Butler wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or Rule 60(b). Any Rule 59(e) motion must be filed within twenty-eight days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

custodian, John Burle, Warden of the Pontiac Correctional Center; (2) alter the case caption to *Butler v. Burle*; and (3) enter judgment in favor of Respondent and against Butler.   Civil case terminated.

**IT IS SO ORDERED.**                          **ENTERED: 7/13/22**

 

 

_____

**John Z. Lee**
**United States District Judge**

10